IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN N. WEST and PETER SHLOSKY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1259 |
| | ) | |
| CUNA MUTUAL INSURANCE SOCIETY, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

### I.   MEMORANDUM

Pending before the Court are Plaintiffs' Motion for Reconsideration (Doc. 18) of this Court's Order (Doc. 16) dismissing Plaintiff's class action claims, and Plaintiffs' Motion to Join Additional Plaintiffs (Doc. 22). For the reasons stated herein, the Court will deny Plaintiffs' Motion for Reconsideration and deny Plaintiffs' Motion to Join.

**BACKGROUND**

Plaintiffs John N. West and Peter Shlosky brought this action, individually and on behalf of a class of similarly situated individuals, alleging wrongful denial and/or termination of credit disability benefits under insurance policies issued by Defendant CUNA Mutual Insurance Society. See Compl. (Doc. 1). This Court granted a motion to dismiss Plaintiffs' putative class action claims. See Memo. & Order, Feb. 16, 2012 (Doc. 16). Plaintiffs move for reconsideration of this Court's order dismissing Plaintiffs' putative class action claims. Apparently in the alternative, Plaintiffs move to join 1,128 additional Plaintiffs.

## ANALYSIS

### A. Motion for Reconsideration

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Plaintiffs have not identified any intervening change in controlling law or any new evidence. Plaintiffs, therefore, must rely on a need to correct clear error of law or prevent manifest injustice. Plaintiffs have not explicitly alleged any clear error of law or manifest injustice. The Court, nonetheless, assumes Plaintiffs contend a need to correct a clear error of law.

Plaintiffs argue that this Court should have conducted the "rigorous analysis" required to determine if the requirements of Federal Rule of Civil Procedure 23 have been satisfied, see Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011), that issues to be determined in this case are appropriate for class treatment, and that dismissal of the class claims would be a "tragic waste" of resources. This Court's decision was based on a finding that collateral estoppel bars their class action claims. Specifically, this Court determined that the issue of whether class certification is appropriate already was litigated and determined in previous litigation. See Memo. & Order, Feb. 16, 2012 (Doc. 16). Plaintiffs do not contend that this Court erred in that determination. The arguments raised in Plaintiffs' motion for reconsideration instead address whether class treatment is appropriate – an issue already

2

determined in the previous litigation. Plaintiffs' Motion for Reconsideration, therefore, is denied.[1]

### B. <u>Motion to Join</u>

In an apparent effort to circumvent this Court's order dismissing Plaintiffs' class action claims, Plaintiffs also move to join 1,128 additional proposed Plaintiffs who have similar contracts with Defendant. Plaintiffs assert that the 1,128 proposed Plaintiffs "are properly joined pursuant to Federal Rule of Civil Procedure Rule 20 since their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and 'common questions' of law will 'arise in the action.'" Pls' Mot. to Join ¶ 6 (Doc. 22). Plaintiffs, however, provide no explanation for how the 1,128 proposed Plaintiffs satisfy Rule 20's requirements for joinder. Because Plaintiffs have not demonstrated that the 1,128 proposed Plaintiffs can be properly joined, Plaintiffs' Motion to Join is denied.

## <u>CONCLUSION</u>

For all of the reasons stated above, Plaintiffs' Motion for Reconsideration (Doc. 18) is denied and Plaintiffs' Motion to Join (Doc. 22) is denied.

---

[1] Plaintiffs alternatively request transfer of this case to Judge Conti, who presided over the previous litigation, or certification of this Court's order for interlocutory appeal. This Court declines to transfer this case to Judge Conti, as Judge Conti transferred this case to the undersigned. This Court also denies Plaintiffs' request for certification for interlocutory appeal, because Plaintiffs have provided no legal basis for interlocutory appeal and have not even addressed this issue in their brief.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Plaintiffs' Motion for Reconsideration (Doc. 18) is **DENIED**, and Plaintiffs' Motion to Join (Doc. 22) is **DENIED**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

May 11, 2012

cc (via e-mail):

All counsel of record.