# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN N. WEST and PETER SHLOSKY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1259 |
| | ) | |
| CUNA MUTUAL INSURANCE SOCIETY, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant CUNA Mutual Insurance Society's Motion to Sever the claims of Plaintiffs West and Shlosky (Doc. 24). For the reasons stated herein, the Court will grant Defendant's motion.

Defendant asserts that the claims of Plaintiffs West and Shlosky should be severed because Plaintiffs fail to satisfy the requirements of Federal Rule of Civil Procedure 20 for permissive joinder. Plaintiffs may join in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Plaintiffs bring claims for recovery of benefits under long term disability insurance contracts and corresponding claims for bad faith. Plaintiffs assert their claims satisfy the "same transaction" requirement of Rule 20 because their claims involve "the very same credit disability insurance policy, the very same definition of disability within that policy, and the very same, uniform, reason for the termination of benefits." Pls.' Br. 7 (Doc. 32). Plaintiffs had separate

insurance contracts,[1] separately received benefits at different times, separately were denied benefits at different times, and have separate, independent claims for damages. See Compl. ¶¶ 22, 23 (Doc. 1). Plaintiffs' claims, arising out of separate denial of benefits under separate insurance policies, do not "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1). Because Plaintiffs' bad faith claims cannot exist without their underlying claims for benefits under their insurance policies, Plaintiffs' bad faith claims likewise do not satisfy Rule 20's requirements. Plaintiffs, therefore, may not join in one action against Defendant.

For the reasons stated above, the Court hereby **ORDERS** that Defendant CUNA Mutual Insurance Society's Motion to Sever the claims of Plaintiffs West and Shlosky (Doc. 24) is **GRANTED**.

**IT IS SO ORDERED**.

                                                   s/ Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

May 17, 2012

cc (via e-mail):

All counsel of record.

---

[1] Plaintiffs' reference to "the very same credit disability insurance policy" apparently means Plaintiff West and Plaintiff Shlosky's insurance policies with Defendant used the same language, not that Plaintiff West and Plaintiff Shlosky were parties to the same insurance contract with Defendant. Plaintiff does not dispute Defendant's assertion that Plaintiffs purchased their policies at different times. See Pls.' Br. 6-7 (Doc. 32).